UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
LARRY DIXON                                                   :
                                                              :
                                  Plaintiff,                  :
                                                              :
                        – against –                           :
                                                              :
JOSEPH J. THOM,                                               :
                                                              :
                                  Defendants.                 :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**<u>OPINION</u>**

11 Civ. 5901 (TPG)


      This action arises from a complaint plaintiff Larry Dixon brings <u>pro se</u> pursuant to 42 U.S.C. § 1983 against Correctional Officer, J. Thom seeking damages for the violation of Dixon's constitutional rights.  Dixon originally named Downstate Correctional Facility, the Grievance Committee for the Downstate Correctional Facility, and the "male doctor at sick call that works the 7 to 3 tour," in addition to Thom.  On October 21, 2011, Dixon's claims against all the defendants except Thom were dismissed.

      On March 16 2012, Thom filed a motion to dismiss Dixon's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies, failure to state a claim under the 8th Amendment, and because Thom claims he is entitled to qualified immunity.

      The motion to dismiss is denied.

**THE COMPLAINT**

The following facts are taken from the Dixon's complaint, and for the purpose of ruling on the motion to dismiss, are taken as true.

This case involves an incident which occurred at the Downstate Correctional Facility on May 24, 2011.  Dixon was not eating at the time because an officer was "violating" his food, such that eating the food made him ill.  On this day, Thom approached Dixon's cell to take Dixon to the emergency room.  Thom claimed that Dixon was not only ill and weak from not eating well, but also walked with a limp, was taking too long to come out of his cell.  Thom then grabbed Dixon by the neck and pressed his head against the door.

As a result of this incident Dixon sustained injuries including a handprint on the left side and back of his neck, sharp pains shooting from his neck down his spine, problems with turning his neck, problems sleeping, and mental anguish.

**DISCUSSION**

Legal Standard- Motion to Dismiss

In general, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable.  Iqbal, 556 U.S. at 678.  Where a plaintiff is proceeding pro

se, the complaint is held to a less stringent standard, and the court must construe the plaintiff's pleadings liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Pabon v. Wright, 459 F.3d 241, 248 (2d Circ. 2006).

In ruling on a Rule 12(b)(6) motion, a court must accept the facts alleged in the complaint as true, drawing all reasonable inference in the plaintiff's favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  In addition to considering the complaint and documents attached to the complaint, the court can take judicial notice of matters of public record and records and reports of administrative bodies.  See Calcutti v. SBU, Inc., 224 F.Supp.2d 691, 696 (S.D.N.Y. 2002).

A motion under Rule 12(b)(6) should be granted where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985) (internal quotations omitted).  It should also be granted where an affirmative defense or other reason barring relief is apparent from the face of the complaint.  Conopco, Inc. v. Roll Int'l et al., 231 F.3d 82, 86-87 (2d Cir. 2000).

Failure to Exhaust Administrative Remedies

Thom's first argument in support of dismissing the complaint is that Dixon has failed to exhaust the available administrative remedies.  The Prison Litigation Reform Act ("PLRA") requires that prison inmates exhaust all available administrative remedies before filing federal lawsuits.  42 U.S.C. § 1997e(a).  This exhaustion requirement "applies to all inmate suits about

prison life," including claims that officers used excessive force.  <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

New York State Department of Corrections ("NYDOC")provides administrative remedies and an expedited review process for harassment grievances such as Dixon's.  This expedited process requires an inmate to submit a grievance to the Inmate Grievance Resolution Committee ("IGRC") within twenty-one calendar days of the incident.  N.Y. Comp. Codes R. & Regs. § 701.5(a).  The grievance is then sent to the Superintendent by the end of the day.  <u>Id</u>. § 701.8(b).  The Superintendent must thereafter promptly decide whether the grievance presents a bona fide case of harassment.  <u>Id</u>. § 701.8(c).  If it does not, the grievance is returned to IGRC for regular processing which requires that within 16 calendar days, the IGRC informally resolve the grievance or hold a hearing where the grievant can appear.  <u>Id</u>. §§ 701.5 (b).  Decisions of the IGRC can be appealed to the Superintendent, and those decisions can be appealed to Central Office Review Committee ("CORC").

However, if the Superintendent determines that the grievance does present a bona fide case of harassment, the Superintendent must order an investigation.  <u>Id</u>. § 701.8(c).  Within twenty-five days after having received the grievance, the Superintendent must render a decision and provide the grievant with that decision.  <u>Id</u>. § 701.8(f).  If the Superintendent does not respond within the required time period, the grievant can appeal to CORC by "filing a notice of decision to appeal (form # 2133) with the inmate grievance clerk."  <u>Id</u>. § 701.8(g).

In either situation, the final step in the exhaustion process is an appeal to and decision from CORC.  A claim is therefore not exhausted until the complainant has received a favorable decision or CORC has issued a decision. See Torres v. Carry, 672 F.Supp.2d 338, 343-43 (S.D.N.Y. 2009) (citing additional cases).  A prisoner is required to proceed through each step of the review process even if he receives no response from prison officials at one step in the process.  See Reuben v. NYC Dep't of Corr., 11 Civ. 378, 2011 WL 5022928 (S.D.N.Y. Oct. 18, 2011); George v. Morrison-Warden, 06 Civ. 3188, 2007 WL 1686321 (S.D.N.Y. June 11, 2007) (collecting cases).

Dixon's complaint indicates that he filed a grievance with IGRC on the date of the incident, May 24, 2011, satisfying the first requirement.  The complaint however makes no allegation that Dixon appealed to CORC.

In Dixon's response to the motion to dismiss, however, Dixon adds allegations regarding the steps he took to exhaust his claim.[1]  The further allegations are that Dixon "filed to CORC," "followed the steps to the grievance procedure," wrote to the Superintendent, and that after not receiving any answer within the required 25 days, responded to CORC.  In support of these further contentions Dixon attaches a letter he wrote to addressed to CORC seeking redress for the May 24 incident.

It is not clear from Dixon's allegations whether in "filing to CORC" Dixon

---

[1] In general, a party is not permitted to amend its complaint through its reply to a motion.  See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998).  However, when it is just to do so, the court can exercise its discretion to allow a pro se plaintiff to supplement its pleaded allegations with allegations made in its motion papers.  See Milano v. Barnhart, No. 05 Civ. 6527, 2007 WL 2042954 at *2 (S.D.N.Y. July 12, 2007).

submitted a Form #2133 with the inmate grievance clerk as specified in the NYDOC regulations.  However, at the very least Dixon alleges he took several steps to appeal his claim, including submitting a letter to CORC.  As Dixon has made a "reasonable attempt" to exhaust his administrative remedies despite receiving no response from DOCS officials, the court will not dismiss for failing to exhaust.  See Indelicato v. Suarez, 207 F. Supp. 2d 216, 219 (S.D.N.Y. 2002).

Moreover, a correctional facilities' failure to respond can constitute an exception to the exhaustion requirement.  See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).  In Torres v. Carry, the court found that because the plaintiff had complied with all the administrative requirements and attempted in good-faith to exhaust, the decision maker's failure to respond constituted a special circumstance and should not bar plaintiff from litigating his claim in federal court. 672 F.Supp.2d, 338, 345 (S.D.N.Y. 2009).  See also Hemphill, 380 F.3d at 687 n. 6; Abney v. McGinnis, 380 F.3d 663 (2d Cir. 2004).

Eighth Amendment Claim

Dixon claims that in a time when he was ill and walking with a limp, Thom complained that he was taking too long to come out of his cell, and grabbed Dixon by the neck and pushed his head against the door.

This is hardly a strong Eighth Amendment claim.  But it can be construed as alleging that Thom struck Dixon for no legitimate purpose and that in doing so Thom inflicted injuries of some seriousness to Dixon's head

and neck.

The court believes that the case should not be disposed of on the basis of Dixon's pleading without the development of any evidence.  The court will consult with the parties about what is necessary to place evidence before the court – whether in a full trial or in a motion.

Qualified Immunity

Finally, Thom argues that the court should dismiss Dixon's complaint because Thom is entitled to qualified immunity.

Government officials are entitled to qualified immunity in performing discretionary functions as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  There are two parts to the qualified immunity inquiry:  (1) whether defendant violated plaintiff's constitutional right, and (2) whether that constitutional right was clearly established at the time of defendant's action such that a reasonable government officer would know the conduct was unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).

There can be no determination of the qualified immunity issue until the Eighth Amendment Claim has been further developed.

Additional Allegations

Dixon makes additional allegations including that officers were 'violating' his food, making him ill; officers 'violated' his mail – ripping it up in front of him, reading personal details aloud and not delivering his correspondence; and

he was denied access to the law library, showers, and food.  This court cannot presently adjudicate these claims as it is not alleged whether Thom was involved, and there is no indication at all that these complaints were submitted as grievances to IGRC.

## CONCLUSION

For the aforementioned reasons the court denies the motion to dismiss.


Dated:  New York, New York
       January 11, 2013

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/11/13

- 8 -