UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

LARRY DIXON,

                           Plaintiff,

      – against –

DOWNSTATE CORRECTIONAL
FACILITY,

                        Defendants.

------------------------------------------------x

11-cv-5901 (TPG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/2014

## OPINION

Larry Dixon, an inmate at the Downstate Correctional Facility, brings this *pro se* action against Corrections Officer Joseph Thom under 42 U.S.C. § 1983. Dixon alleges that Thom subjected him to excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Thom now moves for summary judgment. Thom contends that Dixon's claim fails because: (1) Dixon did not exhaust the administrative remedies available; (2) the force alleged was *de minimus*; and (3) the complaint is uncorroborated and inconsistent.

The court grants Thom's motion for summary judgment. The force alleged was *de minimus* and thus fails to rise to the level of a constitutional violation.

### Statement of Facts

Thom's summary judgment motion is based on the following facts, which are undisputed or, where disputed, viewed most favorably to Dixon.

1

Dixon's claim arises from an incident that occurred in the early afternoon of May 24, 2011. Thom was assigned to escort Dixon from his cell to the hospital because Dixon became ill after eating lunch. Thom told Dixon to come out of his cell, but then Thom grabbed him by his neck and pressed his head against the door. A female corrections officer witnessed the event and did nothing to stop Thom. As a result of that interaction, Dixon suffered from sharp pains on his neck and spine, mental anguish, and insomnia.

Dixon filed a grievance with, *inter alia*, the Inmate Grievance Resolution Committee and the Inspector General. In latter briefing submitted to the court, Dixon states that he appealed his decision to the Central Office Review Committee ("CORC").

## Discussion

The standard governing motions for summary judgment is well-settled. A court may grant summary judgment only when the moving party shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Cartrett, 477 U.S. 317, 322 (1986). In other words, the evidence must be such that no reasonable jury could return a verdict for the nonmoving party. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).

District courts read *pro se* plaintiffs' papers liberally and interpret them to raise the strongest arguments that they suggest. Gertskis v. U.S. E.E.O.C., No. 11-cv-5830, 2013 WL 1148924, at *5 (S.D.N.Y. Mar. 20, 2013). However, this

"does not relieve a plaintiff of his or her duty to meet the requirements necessary to defeat a motion for summary judgment." Id.

## A. Exhaustion

The Prison Litigation Reform Act requires prison inmates to exhaust all available administrative remedies before filing a federal lawsuit. See 42 U.S.C. § 1997e(a). Thom argues that Dixon failed to exhaust because he did not properly appeal his grievance to CORC.

The court will not grant summary judgment on the basis of exhaustion. This court has already found that Dixon made a reasonable attempt to exhaust his administrative remedies and will not reconsider that decision now. See No. 11-cv-5901, Doc. No. 44 (Jan. 11, 2013). Additionally, exhaustion is not a proper basis for summary judgment in this case because the parties dispute whether Dixon filed the appropriate grievance form with CORC. Given that appealing to CORC is required before bringing suit in federal court, there is a material fact in dispute that cannot be resolved without further proceedings.

The court now turns to the merits of the complaint.

## B. The Use of Force

It is well established that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes *de minimis* uses of physical force as long as "the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). In other words "not every push or shove, even if it may later seem unnecessary . . . violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

3

Dixon alleges that Thom "grabbed [him] by the neck and pressed [his] head against the door." The force alleged here does not differ in degree from the force numerous courts in this Circuit have deemed *de minimus*. See, e.g., Taylor v. New York Dep't of Corr., No. 10-cv-3819, 2012 WL 2469856, at *6 (S.D.N.Y. June 27, 2012) (slamming an inmate's face into the prison wall constituted a *de minimus* use of force); James v. Phillips, No. 05-cv-1539, 2008 WL 1700125, at *4–5 (S.D.N.Y. April 9, 2008) (finding *de minimis* use of force when a corrections officer shoved an inmate into door, causing the inmate's chin to swell); Espinal v. Goord, No. 00-cv-2242, 2001 WL 476070, at *4, *13 (S.D.N.Y. May 7, 2001) (finding no excessive force where a guard struck the plaintiff in the face two or three times).

Bring grabbed by the neck and shoved into a door is clearly unpleasant and sufficient to cause a person physical and mental pain. However, even viewing the evidence in the light most favorable to Dixon, the force alleged was not "objectively harmful enough to establish a constitutional violation." Hudson, 503 U.S. at 8.

## Conclusion

The court grants Thom's motion for summary judgment. This opinion resolves the motion located at Doc. No. 62.

4

Dated: New York, New York

      August 14, 2014

                                            Thomas P. Griesa

                                            U.S. District Judge